Burke v. Housing and Services, Inc. Thank you. Only the appellant is arguing today. The other side is on submission. One second, Mr. Burke. Let's let these guys clear out. Thank you, Your Honors. Good morning. I'm Brian Burke. I'm a pro se appellant. Plaintiff. And, of course, it's just acknowledged by Your Honor that the defendants chose not to appear today. I would ask that you read into that. Generally, if a party doesn't respond to a motion, of course, they stipulate to that motion. And, of course, they were aware of my reply brief. They're not required. Nobody's required to argue. We don't draw any negative inferences from people who don't show up for argument. People can request to go on submission, and that's okay. But the floor is yours. Of course, I assume you're familiar with the briefs and the case. I did want to request that this panel overturn his honors, or both of them, actually, I guess, made a decision, a legal decision, that they would not grant me equitable tolling for the fraudulent concealment of the medical fraud. And, of course, I realized even in my complaint, my amended complaint, that I would need that. And I did ask them that, and they denied it. But I believe that this whole case is really, as I said, it is about public corruption, but it's more, it's really about moral hazard. And the moral hazard here is allowing anybody to, you know, swatting people. Unfortunately, this occurs, you know, you have good faith people, of course, maybe who believe someone has a medical condition, and they're certainly entitled under good Samaritan laws to make good faith complaints, such as, of course, wellness checks that occur. Obviously, if they add something false to it, like, oh, that person's armed, or that person is going to cause somebody harm, or themselves, you know, obviously that potentially puts the police or other people, first responders, in danger. You know, I don't know if they were trying to put anybody in danger other than myself, but they did attempt to get me, I guess you would say, incarcerated as a civil servant for their false, you know, using this false medical fraud, which also was mail and wire fraud, to get me put in a locked ward, basically. Obviously, that would have got me terminated, of course, for my job, and I guess, you know, whether I was terminated or not is certainly a core issue for this case. You know, I contend, I still contend that I was a victim of constructive discharge under New York State law, and not terminated. There was no evidence that I was, in fact, terminated. And I would just mention the case, I don't know if I mentioned it in my documents, but the case of Stephanie Lewis, Lewis versus New York City Transit, 12F Supplement, 3D, 418 East District of New York, 2014. Ms. Lewis was an African American Muslim woman who was discriminated after 9-11, which was the era when I started, for practicing her faith. And it was decided by the judge, the magistrate judge in that case to allow that case to go forward, and she passed a summary judgment. The problem with her was that she was dead. You know, the Transit Authority withholded, of course, her wages and also her health care, which they did for me, and she died. And I don't know, I hope that it wasn't dispositive that that element required to prove discrimination by the New York City Transit Authority. The real issue is, we're here to review the lower court's decisions, so there's two real decisions that you're going after that you're challenging. One was motions to grant, excuse me, motions dismissing various claims, and then there's summary judgment with respect to other claims. And so, real focus is, what did the district court do wrong? Well, Your Honor, I'd like to ask that you look at Erickson versus Pardue, which was a case that, of course, after Iqbal, the Supreme Court overturned both the district and circuit courts, not this circuit court. It was? Oh, okay. I made a mistake on that. But I know that in that case, Erickson versus Pardue, he was also a pro se litigant, and it was also involving a medical issue where he was denied medical care, and obviously, the courts thought that certainly was sufficient to pass summary judgment and or motions to dismiss. And I just mentioned to your court, I'm not against, of course, summary judgment or motions dismiss. I just had a ruling on a case that I believe is related to this one that was this week by Judge Stoller. He's the supervising judge of the housing court, and he ruled in my favor on a motion to dismiss motion for summary judgment this week on Monday, and I'm happy to put that into the record if that's possible. Also, I just... Why would that be relevant to the arguments on appeal? Well, Your Honor, obviously, that goes to what is required to pass or not pass, of course, summary judgment. What is the level? I would just point out several errors by the courts below. One, of course, was about the standing. I am challenging Labor Law 190, and the court said I had no standing to challenge that law. I would just point out to you, of course, I am a victim. I'm certainly alleging a massive wage theft. Part of the problem there is you didn't object to that portion of the magistrate judge's report and recommendation, which recommended that. I thought I... Well, I did... I did... Obviously, I thought I did. I'd have to go through my records, but I showed in my amended complaint, and, of course, I included it here. They struck the standing. I thought I pointed it out to the... Forgive me if I'm wrong. I thought I did point that out to the district judge. Of course, that was a decision by the magistrate judge, and then I pointed it out to the district judge, and I believe I did also a motion to reconsider. But, you know, obviously, it's not clear to me what does constitute standing. Obviously, if the court does adopt their position, it seems that no one would ever have standing for this law, including people who are being defrauded under this lib law. And I would point out to you, Your Honors, that there is two bills pending in the Assembly and the Senate. It's been pending for ten years to overturn this and to strike this one sentence that I am asking you strike, and just give us the same rights, people, hard-working people who work in this building, other buildings, One Police Plaza, teachers, everybody that works in New York State. I believe we are entitled to our wages and benefits. You know, and the fact that this law states that government agencies are not employers, certainly it was construed in a different court, in Eastern District of New York, which is where I did believe I got standing, because Mr. Chu, who was, I believe, terminated for his perjuries, was accurate in pointing out this law and that that mean that I could not wait, you know, certainly under state law, as a state employee, raise the issue of wage theft. You know, I was never informed of that when I was hired, and nobody else has been informed of that. The only person I know who was even aware of that law was an attorney for the public advocate, and he was also threatened with the law. It is clearly unconstitutional under the 13th and 14th Amendments, the Taking Clause, the right to petition government, and the right to, of course, the right to a jury trial, and simply the right to contract. If we have no ability to enforce our contracts, and also, you know, I do want to mention, briefly, Verizon, Bellevue, and Local 100, none of them have submitted briefs in this case, so, obviously, I believe they have to stipulate to my briefs. And, of course, they're not as culpable as, of course, the main actors here, which would be New York City Transit Authority and Housing and Services, Inc. So, I think we're way over at this point, Mr. Burke, but we have your brief, and I think we have your brief. So, with that, we'll reserve decision as we have for the other cases today. Thank you for your time. Thank you, Your Honors. And just one final thing is, you know, I'm happy to go, even without discovery, I've never really had discovery when I was in the state cases and housing court, and while I appreciate the discovery, the issue is really remedy and justice, which is all I'm asking for me and other workers and people who might be subjected to this type of criminal retaliation. Thank you. Thank you very much.